UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY MARTIN,<br><br>　　　　　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Respondent. | Criminal Case No.: 11-cr-04250<br>Civil Case No.: 15-cv-0443<br><br>**ORDER:**<br><br>**(1) DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE CONVICTION AND SENTENCE [Doc. 180] and**<br><br>**(2) DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL [Doc. 179]** |

On February 26, 2015, Petitioner Timothy Martin ("Petitioner"), through pro bono Counsel, filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and sentence, along with a motion for appointment of counsel.  Respondent filed a response and opposition to which Petitioner replied.  The Court has reviewed the record, the submissions of the parties and supporting exhibits, and for the reasons set forth below, **DENIES** Petitioner's motions.

//

//

1

## I. BACKGROUND

On August 21, 2011, Petitioner and Crystal Rios ("Rios") were arrested by the U.S. Immigration & Customs Enforcement for Importation of Cocaine in violation of 21 U.S.C. §§ 952 & 960. (*See* Compl. [Doc. 1].) Petitioner, the driver and registered owner of the vehicle, and Rios, the passenger, were traveling into the U.S. from Mexico through the Calexico, California West Port of Entry. (*Id.*) In secondary inspection, the vehicle revealed 27 packages of cocaine and $11,989.00 USD. (*Id.*) A pat-down search of Rios also revealed a medicine bottle containing ecstasy pills. (*Id.*)

On the evening of their arrest, Rios made a post-arrest statement to ICE Special Agents providing, among other trip details, that she and Petitioner traveled to Mexicali on August 20, 2011 and stayed at a hotel together that night. (Gov't Trial Memo [Doc. 136] 6:13–17.) Rios stated that the two utilized the hotel's valet service but Petitioner retained possession of the vehicle's keys while it was parked overnight. (*Id.*) Rios further stated she did not meet anyone that night, did not know anyone in Mexicali, and was with Petitioner throughout almost the entirety of the trip. (*Id.*)

On September 21, 2011, Petitioner and Rios were charged by federal grand jury Indictment for Importation of Cocaine, in violation of 21 U.S.C. §§ 952 & 960 and 18 U.S.C. § 2. (*See* Indictment [Doc. 19].) However, on August 15, 2013, Rios entered a guilty plea for misdemeanor possession of ecstasy in which the Government agreed to dismiss the Indictment charging her with cocaine importation. (*See* Plea Agreement [Doc. 107].) The Court granted the Government's motion to dismiss Rios' cocaine importation charge, sentenced her to one year of probation, and entered judgment on August 26, 2013. (*See* Rios J. [Doc. 108].)

On August 21, 2013, between her plea agreement and sentencing, Rios participated in a voluntary proffer with law enforcement agents. In her statement she provided that on the way to Mexico, Petitioner met with four individuals. One of whom, Rudy Rodriguez, asked Petitioner to drive two of the others to Mexico to pick up one of their vehicles. (Gov't Trial Memo 7:21–8:4.) Petitioner agreed and the group drove directly to the hotel

in Mexico.  (*Id.*)  After Petitioner parked, the other two passengers departed.  (*Id.* at 7:21–8:6.)

A few months later, on December 6, 2013, Petitioner was charged in a second Superseding Indictment for Importation of Cocaine in violation of 21 U.S.C. §§ 952 & 960.  (2nd Superseding Indictment [Doc. 129].)  On January 7, 2014, Petitioner proceeded to trial.[1]  Petitioner put forward a third-party culpability defense that the drugs ultimately found in his car were placed there without his knowledge.  Petitioner argued that Rudy Rodriguez may have been responsible for the drugs found in his car.  Petitioner argues that Rios' statements and potential testimony would have bolstered his defense that others, including Rodriguez, had access to Petitioner's car; and that it was less likely, based on the time they spent together, that Petitioner had the opportunity to load or arrange for the drugs to be loaded into the car.  (M. to Vacate 9:1–9.)  However, Rios did not testify and her statements were found inadmissible at trial.  On January 8, 2014, the jury returned a guilty verdict.  (*See* Jury Verdict [Doc. 141].)  On November 25, 2014, the Court sentenced Petitioner to 60 months imprisonment and 3 years of supervised release.  (*See* Martin J. [Doc. 173].)

Petitioner argues he received ineffective assistance of counsel at trial and requests an evidentiary hearing, should additional evidence be necessary to resolve his claim.[2]  In addition, Petitioner has filed a motion requesting appointment of counsel pursuant to 18 U.S.C. § 3006A.

The Government responds that Petitioner's § 2255 motion should be denied because his ineffective assistance of counsel claim is without merit.  Further, the Government argues that Petitioner's request for an evidentiary hearing should be denied

---

[1] Petitioner and Rios married at some time after their arrest date but prior to Petitioner's trial.

[2] On March 11, 2015, the Ninth Circuit granted Petitioner's motion to dismiss his direct appeal. *United States v. Martin*, No. 15-50535, Docket No. 6 (9th Cir. 2015).  Thus, Petitioner's petition under § 2255 is properly before the Court.

because the submissions provide a sufficient factual basis to decide Petitioner's claim, rendering an evidentiary hearing unnecessary. However, if the Court finds additional argument is necessary, the Government responds with no objection to Petitioner's request for appointment of counsel.

## II. DISCUSSION

Petitioner claims that his trial counsel ("Counsel") rendered ineffective assistance for (1) failure to conduct a reasonable investigation of Rios, a material and relevant witness; and (2) failure to secure Rios' testimony at trial. Petitioner asserts that as a result of Counsel's failures he was denied material, exculpatory evidence in his defense and thus was prejudiced. For the reasons set forth below, the Court concludes that Counsel's representation was not constitutionally ineffective and thus denies Petitioner's motion.

Claims of ineffective assistance of counsel are governed by the principles set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on an ineffective assistance of counsel claim, a petitioner must show that (1) counsel's performance was deficient and (2) counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. Performance is constitutionally deficient if counsel's representation "fell below an objective standard of reasonableness" such that it was outside "the range of competence demanded of attorneys in criminal cases." *Id.* at 687–88 (internal quotation marks omitted). Such assessment must be made "from counsel's perspective at the time," so as "to eliminate the distorting effects of hindsight." *Id.* at 689. In assessing trial counsel's performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and hence "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.*

To establish prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability

sufficient to undermine confidence in the outcome." *Id.* If the court concludes that the defendant fails to satisfy either prong of the *Strickland* standard, it need not address the other. *Stanley v. Schriro*, 598 F.3d 612, 619 (9th Cir. 2010) (citing *Strickland*, 466 U.S. at 697). "Surmounting Strickland's high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. ––––, 130 S.Ct. 1473, 1485 (2010).

### A. Performance

Petitioner argues counsel's "failure to secure the testimony of a known, willing, available and relevant witness was unreasonable" without conducting the necessary investigation to see if that witness would testify. (Mot. to Vacate 5:5–9.) Specifically, Petitioner argues that Counsel should have spoken, or at least requested to speak, with Rios herself prior to Petitioner's trial to ascertain her willingness to testify. (*See* Traverse 3:1–4.) The Government contends this argument lacks merit because Counsel investigated Rios' testimony, attempted to call her as a witness, and attempted otherwise to present her testimony to the jury. (Resp. [Doc. 184] 1:25–28.)

Under *Strickland*, Counsel's performance is deficient if it falls below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Where defense counsel's investigation is at issue, he or she has a "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id.* at 691. Counsel must, "at a minimum, conduct a reasonable investigation enabling him to make informed decisions about how best to represent his client." *Hendricks v. Calderon*, 70 F.3d 1032, 1035 (9th Cir. 1995) (internal citation and quotations omitted). "Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690.

The duty to investigate is not limitless and not every conceivable witness needs to be interviewed. *See Hendricks*, 70 F.3d at 1040; *Riley v. Payne*, 352 F.3d 1313, 1318 (9th Cir. 2003). "Few decisions a lawyer makes draw so heavily on professional judgment as whether or not to proffer a witness at trial." *Lord v. Wood*, 184 F.3d 1083,

1095 (9th Cir. 1999).  Federal jurisprudence typically presumes such decisions are "sound trial strategy."  *Cullen v. Pinholster*, 563 U.S. 170, 196 (quoting *Strickland*, 466 U.S. at 689.); *United States v. Chambers*, 918 F.2d 1455, 1461 (9th Cir. 1990).  "An attorney need not pursue an investigation that would be fruitless."  *Harrington v. Richter*, 562 U.S. 86, 108 (2011).  "[T]he duty to investigate does not force defense lawyers to scour the globe on the off chance something will turn up; reasonably diligent counsel may draw a line when they have good reason to think further investigation would be a waste."  *Rompilla v. Beard*, 545 U.S. 374, 383 (2005).

In the present case, Counsel understood the importance of Rios' testimony, intended to call her as a witness, and otherwise attempted in various ways to present her statements before the jury.  (*See* Trial Day Two Tr. "Trial Tr." [Doc. 150] 15:13–17.)  Counsel made statements that he would "prefer to call Ms. Rios" to testify, that the information in her testimony "goes directly to [Petitioner's] third-party culpability defense," and that he had "hop[ed] she wasn't going to invoke" her Fifth Amendment and martial spouse privileges.  (*Id.* at 34:18–19, 36:1–4, 39:24–40:5.)  Collectively, Counsel's statements demonstrate he was not only aware of the importance of Rios' testimony but he did in fact intend to call her as a witness until she invoked her rights against testifying prior to trial and thus became unavailable.  Rios was listed as an intended witness for trial in the Government's trial brief.

At the status hearing on January 6, 2014, *Counsel* brought Rios' unavailability to the Court's attention and provided it was his understanding from speaking with Rios' attorney, Mr. Kirby, and the prosecution, that Rios would be invoking her Fifth Amendment rights and thus would not be a willing participant in Petitioner's trial. (Status Hr'g Tr. [Doc. 148] 3:11–17.)  The Government corroborated this, providing that in response to the Government's subpoena, Mr. Kirby and Rios herself communicated that she would be invoking her Fifth Amendment privilege as well as her martial spouse privilege.  (Status Hr'g 3:23–17.)  The Government claims that the prosecutor made it clear during the status hearing that Rios was unavailable, therefore Counsel was not

ineffective for failing to procure her testimony at trial. (Opp'n 5:19–21.) In response, Petitioner argues that Counsel should not have relied on the Government's representation about Rios' unavailability. (*See* Traverse 2:9–16.) However, as shown, *both* Counsel and the Government expressed Rios' unavailability at the status hearing. Following the status hearing the same day, Counsel asked Mr. Kirby if Rios would be testifying or invoking. (*See* Trial Tr. 15:13–17.) Mr. Kirby informed Counsel that Rios would be invoking, which Counsel interpreted to mean she would be invoking her Fifth Amendment rights. (*Id.*)

On January 8, 2014, the second day of Petitioner's trial, Counsel and the Government again discussed Rios' unavailability, providing she would be unwilling to testify. Petitioner argues that Counsel "never attempted to confirm or dispel what the prosecutor stated about [Rios'] willingness to testify." (Traverse 3:3–4.) However, Counsel offered to the Court to contact Mr. Kirby to clarify and confirm Rios' unavailability and the extent she was unwilling to testify.[3] (Trial Tr. 39:24–40:5.)

Under the circumstances, alleging Counsel should have further investigated Rios' willingness to forgo her privileges would require Counsel to doubt Mr. Kirby's and the Government's representations.[4] In light of the representations made to him and the Court's rulings, Counsel's investigation and belief that Rios was unavailable was

---

[3] Petitioner seems to argue that Counsel had an obligation to do more than "briefly speak with [Mr. Kirby]" to secure Rios testimony and that he should have done so further in advance to Petitioner's trial. (*See* Traverse 4:3–10.) However, Petitioner has failed to cite any authority, and the Court has found none, suggesting that Counsel was required to do so. The *Strickland* inquiry is limited to an objective standard of reasonableness, not anything higher. Although it may seem untimely, Counsel nevertheless fulfilled his duty when he spoke to Mr. Kirby prior to trial and learned Rios would be invoking, or intended to invoke, her privilege against testifying.

[4] The Court need not address Petitioner's claim that Counsel failed to investigate Rios' right to decline to testify under the Fifth Amendment. (*See* M. to Vacate.) Because the Court accepted that Rios intended to invoke both her Fifth Amendment privilege and martial spouse privilege, even absent the Fifth Amendment privilege, the outcome would be no different.

reasonable and his decision not to investigate further was sound trial strategy.  *See Strickland*, 466 U.S. at 691.  Counsel made a decision based on "reasonable professional judgments support[ing] the limitations on investigation" and fulfilled his "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."  *See id.* at 690–91.  Counsel is not constitutionally required to attempt to coerce testimony out of a witness when his or her attorney has provided the witness is unwilling.

Notwithstanding Rios' unavailability, Counsel made several attempts to present Rios' statements and corroborating information at trial because of their significance to Petitioner's third-party culpability defense.  The Court found no exception to the hearsay rule was applicable to allow this information before the jury because Rios was the type of witness that absolutely required cross-examination.  (*See id.* at 10:10–11:5.)  In light of that ruling, Counsel went even further and moved to order the Government to grant Rios full immunity so Counsel could require her to testify in the event she did not plan on invoking her spousal privilege.  (*Id.* at 11:13–16 & 11:24–12:4.)  The Court denied the motion, relying on the representation that Rios would be invoking both her Fifth Amendment privilege and spousal privilege and thus a grant of immunity could not force her to testify.  (*Id.* at 15.)  Based on Counsel's attempts and efforts to investigate and introduce Rios' statements at trial, Counsel's performance cannot be said to be constitutionally deficient.  Although Counsel could have done more, or acted sooner, his efforts did not fall outside the "wide range of professional assistance."  *Strickland*, 466 U.S. at 689.

### B.   Prejudice

Petitioner argues he was prejudiced by Counsel's failure to investigate and secure Rios' testimony because Rios would have been willing to testify, her testimony would have meaningfully strengthened his third-party culpability defense, and Counsel's failures harmed that defense.  (*See* M. to Vacate 8:3–9:4.)  However, even assuming for

8

the sake of argument that Counsel's performance was deficient, Petitioner's claim of prejudice is merely speculative and thus his claim for ineffective assistance of counsel must fail.

In assessing whether a petitioner has established prejudice, courts consider: (1) whether the witness was available to testify; (2) the substance of the witness's anticipated testimony; and (3) whether the witness's testimony created a reasonable probability that the result of the proceeding would have been different. *See Alcala v. Woodford*, 334 F.3d 862, 872–73 (9th Cir. 2003). Here, Petitioner has not so demonstrated.

At minimum, Petitioner has failed to provide a showing that, at the time of trial, Rios would have been willing to testify and what that testimony would include. *United States v. Harden*, 846 F.2d 1229, 1231–32 (9th Cir. 1988) (no ineffective assistance because of counsel's failure to call a witness where, among other things, there was no evidence in the record that the witness would have testified). In order to bolster Petitioner's argument that, had Counsel asked, Rios would have been willing to forgo her martial privilege, Petitioner's current pro bono counsel points out that he has never had a problem with Rios providing information on request. (*See* Traverse 3:15–17.) In addition, Petitioner contends that Rios' testimony would have included who accompanied the two before and during their trip and the entirety of time they spent together, thus providing a factual basis to argue that others had access to the car, strengthening Petitioner's third-party culpability defense. (*See* M. to Vacate 8:10–9:14.)

However, the problem with Petitioner's arguments is that they are based solely on the representations of Petitioner, not the witness herself. Mere speculation that a witness would have given helpful information if interviewed by counsel and called to the stand is not enough to establish ineffective assistance. *See Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), amended, 253 F.3d 1150 (9th Cir. 2001). Petitioner has failed to submit any declarations or affidavits from *Rios* providing that at the time of trial, she was available, willing to testify, and that her testimony would be consistent with and in support of Petitioner's defense. *See Dows v. Wood*, 211 F.3d 480, 486 (petitioner should have

9

submitted an affidavit from the alleged witness to demonstrate witness would have provided testimony in support of the defense).[5]  Absent evidence showing that Rios would have waived her privileges and testified, that such testimony would have been consistent with and in support of Petitioner's defense, and that such testimony would have impacted the outcome of the case, Petitioner's claim of prejudice is merely conclusory and does not establish a reasonable probability that the outcome would have been different.  *See Strickland*, 466 U.S. at 694.

Based on the foregoing reasons, Petitioner has failed to establish either prong of the *Strickland* standard and therefore his motion to vacate pursuant to 28 U.S.C. § 2255 is denied.

In addition, the Court denies Petitioner's request for an evidentiary hearing.  A court deciding a motion under 28 U.S.C. § 2255 is not required to hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  "Mere conclusory statements by the petitioner do not justify a hearing."  *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).  Instead, a defendant must make "specific factual allegations which, if true, would entitle him to relief."  *Id.*  As discussed above, Petitioner has failed to provide specific facts or evidence showing a possible right to relief and the record and submissions of the parties are sufficient to resolve his claim.  Therefore, an evidentiary hearing is not warranted.  Finally, because the Court finds Petitioner's § 2255 claim can be decided without additional evidence, the Court also denies Petitioner's motion for appointment of counsel.

---

[5] In addition, the Court is not persuaded that Rios' testimony, if admitted and consistent with Petitioner's defense, would have created a reasonable probability of a different outcome because Rios' testimony would arguably lack credibility.  The statements Rios' provided to the government are two inconsistent versions of who she and Petitioner interacted with during their trip.  These inconsistencies, coupled with the timing of her and Petitioner's marriage, significantly undermine her credibility.  Further, the Court can only speculate as to which version of Rios' testimony would have been offered had she testified.

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court **DENIES** Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 and **DENIES** Petitioner's motion for appointment of counsel pursuant to 18 U.S.C. § 3006A.

**IT IS SO ORDERED.**

Dated:  November 22, 2016

_____
Hon. M. James Lorenz
United States District Judge